**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

BJ WILSON,                                    )
                                              )
            Petitioner,                       )
                                              )
      v.                                      )         No. 4:22 CV 576 MTS
                                              )
STATE OF MISSOURI,                            )
                                              )
            Respondent.                       )

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks to vacate his plea of not guilty by reason of insanity, vacate his sentence, and be tried on his charges. Although filed as a petition under § 2241, because petitioner is "in custody pursuant to the judgment of a State court," he may obtain habeas relief only pursuant to 28 U.S.C. § 2254. *See Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001) (holding that even if state prisoner is challenging the manner in which his sentence is being executed, his claim for habeas relief is under § 2254, not § 2241). The Court will construe plaintiff's petition as a petition brought pursuant to 28 U.S.C. § 2254 and will summarily dismiss it for failure to exhaust state remedies.

Petitioner, who is confined at the Southeast Missouri Mental Health Center in Farmington, Missouri, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his March 14, 2014 plea of not guilty by reason of insanity (NGRI) in the Circuit Court of Barry County, Missouri. Petitioner alleges his "order does not state that the accused (BJ Wilson) is acquitted on the ground of mental disease or defect." Petitioner did not file a direct appeal. Petitioner has not filed any other proceedings in the State of Missouri regarding his confinement.

Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has exhausted the remedies available in the courts of the state. The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). The requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief still open to the habeas applicant at the time he files his application in federal court.   *Humphrey v. Cady*, 405 U.S. 504, 516 (1972).

Although most of the cases addressing the exhaustion requirement arise from challenges to state custody following a criminal conviction, the Supreme Court's holding that exhaustion requires only a fair presentation that is satisfied by invoking one complete round of the State's established appellate review process, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), applies with equal force when a habeas petitioner challenges state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009). To satisfy the exhaustion requirement, a person confined in the Missouri State Hospital must apply for release under § 552.040 before filing a petition for a writ of habeas corpus. Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted).

This Court has reviewed petitioner's petition and the docket on Missouri Case.Net and it does not appear that petitioner has applied for release under § 552.040 to any state court. As a result, petitioner's application for writ of habeas corpus will be dismissed due to his failure to exhaust his available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus under 28

U.S.C. § 2241, which the Court construes as a petition for writ of habeas corpus under 28 U.S.C.

§ 2254, is **DISMISSED without prejudice**. *See* Rule 4 of the Rules Governing § 2254 Cases in

the United States District Courts.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of May, 2022.

 

 

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE